Anastasia P. Boden
Cal. Bar No. 281911
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
ABoden@pacificlegal.org

Brandon C. Beyer
Minn. Bar No. 403249*
Pacific Legal Foundation
3100 Clarendon Boulevard, Suite 1000
Arlington, VA 22201
Telephone: 202-888-6881
BBeyer@pacificlegal.org

*Pro Hac Vice*

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| JACOB MOLIERI and SNAKEOUT, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHARLTON H. BONHAM, in his official capacity as Director of the California Department of Fish and Wildlife, <br><br> Defendant. | Civil Action No. 2:25-cv-02832 <br><br> **JOINT STATUS AND SCHEDULING REPORT** |

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1.

**A. Brief Summary of Factual and Legal Contentions**

**Joint Description of Action**

Civil rights action challenging the constitutionality of California Department of Fish and Wildlife (CDFW) regulations that prohibit the use of native reptiles, including rattlesnakes, for commercial activities, including but not limited to fee-based canine

aversion training. Plaintiff Jacob Molieri, owner of Plaintiff SnakeOut, Inc., alleges that these regulations violate his First Amendment right to speech, Fourteenth Amendment right to Equal Protection, and Due Process rights by arbitrarily banning fee-based educational services while permitting identical conduct if performed for free or with non-native snakes, and by unlawfully delaying his Scientific Collecting Permit application.

**Plaintiffs' Factual and Legal Contentions**

Plaintiffs contend that the CDFW's prohibition on charging a fee for educational rattlesnake aversion training constitutes an unconstitutional restriction on speech under the First Amendment. Plaintiffs further allege that the regulatory scheme violates the Equal Protection Clause by creating irrational distinctions between fee-based and free services, and between the use of native versus non-native or albino rattlesnakes, none of which furthers a legitimate government interest according to Plaintiffs. Finally, Plaintiffs argue that the CDFW has violated due process by failing to process Mr. Molieri's Scientific Collecting Permit application within the timeline established by Cal. Code Regs. tit. 14, § 650(e)(3). Plaintiffs seek declaratory and injunctive relief.

**Defendant's Factual and Legal Contentions**

Defendant contends that the regulations are subject to rational-basis review because they do not target suspect classes or burden fundamental rights. Defendants further contend that the ban on commercializing native reptiles is rationally related to the important well-established governmental interest in protecting native wildlife. Defendant further argues Plaintiffs fail to plead a valid "class of one" claim because Plaintiffs have not identified a similarly situated party receiving differential treatment. On Free Speech, Defendant asserts the regulations restrict non-expressive commercial conduct (i.e., selling and possessing native reptiles), not speech.

**B. Anticipated Motions**

On December 19, 2025, Defendant filed a Motion to Dismiss the Second and Third

Causes of Action in Plaintiffs' Complaint for Declaratory and Injunctive Relief. Defendant anticipates later filing a dispositive motion with respect to Plaintiffs' First Cause of Action.

**C. Discovery Plan**

**1. Date and Attendees**

> The parties must confer "as soon as practicable" and "in any event at least 21 days before a scheduling conference is to be held." Fed. R. Civ. P. 26(f).

The parties conducted the planning conference on December 30, 2025. Brandon Beyer, attorney for Plaintiffs, and Nicholas Moore and John Sasaki, attorneys for Defendant, attended the conference.

**2. Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for Mandatory Initial Disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 1/23/2026 |
| Deadline to Join a Party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 3/30/2026 |
| Mid-discovery Status Conference. *Should be scheduled mid-way through the discovery period.*<br>*Telephonic before Magistrate Judge Barch-Kuchta*<br>*Report is due at least 14 days before the telephonic conference. Parties must file a motion to cancel conference if not needed.* | Report Due: 4/15/2026<br>Conference: 4/29/2026 |
| Deadline for Non-Expert Discovery and Filing Motion to Compel. *See* Fed. R. Civ. P. 37.<br>(Case specific or 9 months from scheduling conference date) | 8/31/2026 |
| Plaintiff's Expert Disclosure Deadline. *See* Fed. R. Civ. P. 26(a)(2). (Generally 30 days after non-expert discovery deadline) | 9/30/2026 |
| Defendant's Expert Disclosing Deadline. | 10/30/2026 |

| | |
|---|---|
| (Generally the same date as Plaintiff or no more than 14 days after non-expert discovery deadline) | |
| Rebuttal Expert Disclosure Deadline. (Generally 30 days after initial expert disclosure) | 11/30/2026 |
| Expert Discovery Deadline. (Generally 30 days after rebuttal expert report) | 12/30/2026 |
| Deadline for Moving for Class Certification (if applicable). *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for Dispositive Motion. *See* Fed. R. Civ. P. 56. Generally 45 days after expert-discovery cut-off. | 2/15/2027 |
| Deadline to engage in settlement conference. *See* Local Rule 270, 271. Enter preference for private mediation, VDRP or by magistrate judge. | 3/1/2027 |
| Deadline for filing the joint final pretrial statement, any motions in limine, proposed jury instructions, and verdict form. *See* Local Rule 281. (Must be at least 14 days **before** the final pretrial conference.) | 3/31/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); *See* Local Rule 282. | 4/15/2027 |
| Month, date, and year of the trial term. (Generally, 6 weeks after pre-trial conference) | 5/31/2027 |

The trial will last approximately 3 days and be

    ☐ jury.

    ☒ non-jury.

**3. Disclosure Statement**

    ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1.

**4. Related Action**

☒  The parties acknowledge their continuing duty under Local Rule 123 to notify the judge of a related action pending in the Eastern District or elsewhere by filing a "Notice of a Related Action." No notice is required if there are no related actions as defined by the rule.

**5. Consent to a Magistrate Judge**

The duties of a United States Magistrate Judge in the Eastern District are set forth in Local Rule 300-304. With the parties' consent, a District Judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court for consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. **Consent is voluntary, and a party for any reason can decide not to consent and continue before the District Judge without adverse consequences.** *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**6. Discovery Practice**

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 251.

**7. Discovery Plan**

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒     Yes.

☐     No

B.   The Discovery may be needed on these subjects: Plaintiffs anticipate seeking discovery regarding the Department's justifications for the challenged restrictions and distinctions, and the factual evidence in support. Defendant may need discovery regarding the activities and business operations of Plaintiffs relevant to their constitutional allegations and the factual bases for certain allegations in Plaintiffs' complaint.

C.   Discovery should be conducted in phases:

☒     No.

☐     Yes

D.   Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒     No.

☐     Yes

E. ☒     The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F.   The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Court's Local Rules or other limitations:

☒     No.

☐     Yes

G.   The parties anticipate the need for a Protective Order under Federal Rule of Civil Procedure 26(c) and Local Rule 141.1.

☒     No.

☐     Yes

**8. Certification of familiarity with the Local Rules**

6

1    ☒    The parties certify that they have read and are familiar with the Court's

2    Local Rules.

3    **9. Signatures**

4

5    /s/ *Anastasia P. Boden*                     /s/ *Brandon C. Beyer*

6    Anastasia P. Boden                          Brandon C. Beyer
     Counsel for Plaintiffs                       Counsel for Plaintiffs
7    12/30/2025                                   12/30/2025

8

9    /s/ *Nicholas C. Moore*                      /s/ *John Sasaki*

     Nicholas C. Moore                            John Sasaki
10   Counsel for Defendant                        Counsel for Defendant
11   12/30/2025                                   12/30/2025

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1

**CERTIFICATE OF SERVICE**

2

I certify that on this day, December 30, 2025, I served copies of the foregoing on

3

counsel of record for all Defendants using the Court's CM/ECF system.

4

5

/s/ *Anastasia P. Boden*

6

Anastasia P. Boden

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28